DREW, Justice.
The petitioner, against whom a compensation award for 40% permanent partial disability compensation has been entered, contended before the commission and in the petition here that the deputy commissioner erroneously combined ratings for loss of wage earning capacity and functional disability contrary to the prescription of the statute governing permanent partial disability compensation, Sec. 440.15 (3) (u) :
“ * * * provided, however, that for the purpose o.f this paragraph ‘disability’ means either physical impairment or diminution of wage earning capacity, whichever is greater.”
The deputy found that claimant suffered a lumbosacral sprain, stating “that the Claimant has suffered an injury affecting his ability to compete on the open labor market, resulting in a diminution of his wage earning capacity and resulting in a 25% disability to the body as a whole over and above the 15% permanent partial rating attributed to the injury by Dr. Yarborough and heretofore accepted by the Employer/Carrier making the Claimant’s total disability 40% permanent partial disability to the body as a- whole.” The finding is not, in our opinion, sufficiently clear to comply with the statutory mandate. We conclude from our consideration of the record, however, that the evidence would sustain a compensation award for permanent partial disability between the minimum and maximum limits of 25 to 40%.
The order of affirmance by the commission is accordingly quashed and the cause remanded with directions that the deputy be required to determine the compensation anew upon the existing record in accordance with the opinion above.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS and O’CONNELL, JJ., concur.